Good morning. May it please the Court, Matthew Geragas on behalf of the appellants Steve Cooley and Brent Forth Fiera. I'd like to at this time reserve two minutes for rebuttal. Since I'm splitting time with the counsel for the other co-appellant, I'd like to go right into the main issue in this case and that being the Younger v. Harris Younger abstention rule. Ironically in this case Evelyn Younger at the time was the head district attorney in the County of Los Angeles. Fast forward to today, my client the appellant Steve Cooley as a former head of the district attorney's office in Los Angeles now is on the opposite end as a defense counsel in a criminal case now not being afforded the Younger abstention doctrine. I don't understand how Younger abstention is relevant here. So Younger abstention is about federal courts not interfering with a state court proceeding. In what way did this interfere at all with the state court proceeding? Okay, as you see from that late July 10, 2017 order that was put out the day before the July 11, 2017 hearing, the facts are laid out. There was the civil action. A criminal action came about. So Younger is about how a federal court cannot enjoin a state court from proceeding with a case. There was no enjoining the state court from proceeding with their case? I don't understand. Yes there is, Your Honor, because the enjoining that took place here was the district judge imposing his preliminary injunction ruling on a separate sovereign court, which is the state criminal case. What did the court, the federal court order the state court to do? It ordered the counsel for defendant not to disseminate the documents and the videos which the state AG had given to counsel for the defendant, which is the same defendant in the civil case. What was the federal court telling the state court not to do that the state court wanted to do? It's allowing, it's preventing the criminal defense counsel to proceed with a case unfettered by what was happening to them, what was happening. I mean, Younger is about comedy between the relationship between the federal courts and the state courts and the federal government and the state government. It seems like you're trying to use Younger to say something about the federal courts and an individual and their lawyer. In Younger, for instance, it was about the free speech on a political matter. They're trying to stop the enforcement based upon a constitutional issue. Fast. But like stop a prosecution. So you can stop the case, you can stop the prosecution. You're dealing with one government versus another government. I haven't heard you say anything about the federal court against any aspect of the state government, either the state court or the state prosecutors. Yes, it is. It's interfering. You're talking about the defense counsel. It's the private individual, not the state. Yes, but the state in the sovereign, a different sovereign, had given the same documents to defense counsel to use. They're imposing the federal judge. Did they say you can use them any way you want, you can put them anywhere? I mean, did it say you could use them? Yes, you could see that in the July 10th recitation of the facts. It goes through the fact that they were given by the attorney general the thumb drive, the documents. The only thing that they were told in the criminal case in the state court was to keep 14 names, 14 witnesses' names confidential, which is standard practice in a state criminal case. Don't give up addresses or give up phone numbers. They did, and so that was given to them because as a criminal defendant, he's entitled to use those documents and that evidence to explore witnesses and to find further evidence. The interference by the federal court, a different sovereign, saying, you know what? You cannot use in that court the documents that are given to you to defend your liberty. That's a liberty. So you're saying that you needed to post them on the Internet, that the state prosecutor wanted you to post these documents on the Internet and that was the conflict between the state prosecutor and the state prosecutor? I'm not saying that. What I'm saying is just like law enforcement on a robbery of a mini-market. They give the documents, they give the video out to news organizations. Why? Because they need to find witnesses and such for a prosecution. Here, the federal court has interfered with the prosecution and the defense in the state court. If I give you – I'd like to give you an example of how this will unfold. You now have $200,000 in sanctions over these counsel in a criminal case. They – this has now gone on for about a year. What happens at the time of trial? Do you ask criminal defense attorneys to go over, not in front of the judge who is going to dictate what evidence comes in, what the jury sees. You want him, the defense attorney, the criminal defense attorney, to go over to a federal court in a civil case. You're going for beyond a reasonable doubt over to a preponderance court, to a judge who's already found on a lower standard, if I may. I'm still really not understanding how any part of the State government was affected here. How younger abstention, where we're talking about Federal courts, any kind of abstention doctrine about the Federal compared to the State, younger prosecution, how any aspect of the State's prosecution or the State court's behavior or anything about the State itself is affected. I'm really not understanding it. It's affected because the – because you're now preventing a criminal defendant subject to his liberty to use his documents, use the documents that the State had given. You're interfering. You've put a roadblock between what the State attorney general did. Do you have any case where abstention was applied because a defendant, a private party in the State court, might be restricted in some way? First, I do not have that exact case. That's why this case is so important, because I was going to give you the example. If they go to trial, are they to go over to the Federal court and say to a Federal judge who's already decided things on the issue of what are you going to use, show me the documents, how are you going to use the documents, such as he did, the district court did, in – under the OSC hearing. He asked where, when, what did you do. Give up your whole defense. So maybe you need to seal the State court courtroom or something. I mean, I don't really understand how this is stopping the State from proceeding. It's interfering with the proceedings because what was given to us by the State AG cannot be used. I'll reserve the rest of my time. Thank you, counsel. Good morning, Your Honors. Sarah Pitlick from the Thomas More Society. On behalf of David DeLayden and the Center for Medical Progress, I'd like to reserve one of my minutes for rebuttal. First, going to your question from Mr. Garagos, there is a place in his contempt order at page 20 that Judge Oreck instructs that Judge Height has to be the one who determines what violates the preliminary injunction in the context of his courtroom. So to that extent, the civil Federal court is, in this case, tying the hands or deputizing the State Federal court to enforce an instruction of the civil Federal court. I thought that was intended to be the opposite. I thought it was intended to say if the State court needs this, then the State court can tell you that you can do things, I thought. Well, but at the same time, the Federal court has enjoined, specifically in this contempt order, the defendant from using materials that the State court has not expressed any and has specifically declined to object to the defendant using. Well, didn't the State court not have an opportunity? Maybe I have the timeline wrong, but I mean, the State court never did anything before all this played out in Federal court, right? Not in advance, but it was invited to also, the Attorney General invited the State criminal court to find the defendant in contempt in that court, and he declined to do so for the inclusion of these materials in the demer. But I want to move on to the points that I like to make with your permission. May it please the court, my client has been tried, convicted, and punished for contempt without due process or any proof. I come before you today to ask you to reverse the contempt judgment and to reassign this case to a judge whose impartiality is not in question. The Supreme Court has observed many times over many decades that the contempt power is uniquely liable to abuse. Because it is so susceptible to abuse, the Supreme Court and this Court have consistently held that unless a contempt award unambiguously meets the criteria for a civil penalty, a party accused of contempt must be protected by the procedural safeguards that secure the rights of criminal defendants. The award in this case does not meet the criteria for either category of civil contempt penalty. It is a flat, unconditional fine for a one-time past infraction intended to deter. It's not a fine because the money certainly is not being paid to the government. It's the money that was ordered paid was paid over to a third party solely to compensate it for its losses. That's true, Your Honor. We would submit that that only muddles the situation even further because it doesn't even squarely fit into any of the three categories because certainly. It's a civil compensatory sanction on its face. It's all it's trying to do. It's not even trying to coerce any future compliance with anything. It's just trying to compensate a third party for the harm that your client's caused it. Respectfully, Your Honor, in the order itself, the judge is very clear that his primary purpose, I'm quoting from him, his ultimate purpose and his primary task is precisely to deter future noncompliance. He departs multiple times from the standards for a civil compensatory. But didn't the departure when he says that it would, if I give all the compensation that they spent, it would be more than necessary to deter. He actually lowers the fees. That part of the discussion is in your benefit, as I understand it. He says they spent all this money. I'm only going to give them half because if I give them all of it, it would be way more than deterrence. Isn't that like the mention of deterrence was actually helpful to you? Only if you use the benchmark unjust compensatory award that we think was not deserved. But more importantly, any departure from the standards for civil compensation and with the explicit purpose of deterrence turns this award into a criminal penalty. Case says that. What case says that any departure from the language of a civil contempt automatically converts the proceeding into a criminal contempt? In Falstaff Brewing Company, Your Honor, this court wrote that a contempt adjudication is plainly civil in nature when the sanction imposed is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public. That the deterrent language in this case is ubiquitous. He specifically uses it several times to depart from the standards for civil compensatory award. He declines to require that the claimed costs be proximately caused by contumacious actions, which he would have to do in a civil compensatory award. He declined to determine what amount of attorney's fees was actually reasonable as a legal matter. When they didn't, when the judge didn't determine the actual amount of attorney's fees, because determining them would have made them way higher than what the fees were actually granted, when instead the judge did is accept the fee amounts that you proposed from this Laffey matrix. Saying while he did so that this is specifically not what he regards as the reasonable payment.  He's only giving them half as much. And then he's only choosing it because of a deterrent effect. It's not the amount and it's not even specifically what he's saying about the award because he uses a lot of language related to civil coercion in this. And this is very clearly not a civil coercive award because those are forward looking directing toward bringing someone into compliance. Is there anywhere where the judge mentions deterrence that is not in a part of the opinion where he's actually giving less just remedial compensation than would otherwise be done if he had granted the entire award? Yeah, he mentions not using the word deterrence, but the purpose of the award being to prevent future infractions of the injunction throughout the entire. I encourage you to, it's, I have record sites for you for just a few of them, but it's throughout. On excerpts of record two and excerpts of record five, to bring about compliance with the PI order going forward. On, sorry, on page two, the purpose of the contempt sanctions is to encourage defendants and respondents to abide by the PI going forward. The purpose of imposition of civil contempt sanctions is to encourage defendants and respondents to adhere to the preliminary injunction going forward multiple, multiple times. He states that that is his reason for not abiding by very clear rules for civil compensatory awards. None of those have this like deterrence word though that I'm going to punish them so much that they're going to never do it again. It's not a punishment type of language. But it's a punishment type of award because if it were a prospective civil coercive award, it would be in the form of something purgeable or voidable by coming into compliance. There was no continued noncompliance in this award. There's no way that his purpose was to bring defendants into compliance because defendants were not out of compliance. As soon as defendants heard that the Court had any problem with what they posted, they pulled it down immediately. There was, and in fact, at that hearing, he was asked by Mr. Farran to impose a civil coercive penalty, $5,000 for each day that you leave it up, and he declined to do so. This is not a civil coercive award. To the extent that it is coercive, it is a criminal coercive deterrent award. It is a backward-looking one-time fee for a completed act of contempt that is not tied to the actual costs incurred, explicitly not tied to the actual costs incurred as a result of the contempt. Okay, counsel, you've exceeded your time. Thank you. Good morning, Your Honor. May it please the Court, Derek Farran on behalf of the National Abortion Federation. I would love nothing more than to talk about the merits of this case because this is a pretty egregious case of a willful and knowing violation of a Federal preliminary injunction. But the fact of the matter is this Court lacks jurisdiction because this is a classic civil sanction imposed for civil contempt of Federal court. I want to make three very quick points with respect to that issue. First point, it's a civil sanction award because the fees and costs compensate NAF for the losses it sustained and the fees that were incurred on its behalf in responding directly to this contempt. The district court reviewed detailed records, went line by line through those records, and substantially reduced the award by 45 percent, ultimately rendering its award. The fact that it substantially reduced its award does not make it any less compensatory. This is a classic quintessential civil sanction. Awards of fees and costs incurred as a direct result of contempt has never been considered criminal by any court anywhere. Second point, it's irrelevant that the district court, in addition to compensating NAF, also had in mind a future deterrence rationale. What the district court did, not what it said, not what its subjective intent was, not what its stated purposes are, but what it did, what did it actually do in terms of affording relief to NAF in this situation. That's the Bagwell case from the United States Supreme Court. And, in fact, the Court need look no further than its own decision in Lazar versus Ford Motor Company. The district court in that case imposed $61,000 and change in compensatory sanctions against the lawyer and his client. They had violated the motions to eliminate in that case. In rendering that award, the district court said, I am rendering this award to vindicate this court's authority and to make sure that you don't do this again in this case or in any other case. Same argument made on appeal. Counsel, is it your position that because this appeal is not final, because this case is not final, this appeal is premature and we have no jurisdiction? That's correct, Your Honor. I don't think that the contempt findings and orders are appealable under section 1291 with respect to either Mr. De Leyden or CMP. That issue is answered squarely by this Court's decision in Phillips. I do not think that the Court has jurisdiction with respect to its attorneys because there is a congruence of interests with respect to the attorneys and the  Maybe speak to that issue a little bit. Yes, Your Honor. Because I think you're right. It's clear as to the main parties, the parties to the action. But as to nonparties, as you know, the general rule is the opposite. And so, yes, you do need to fit yourself within the substantial congruence. So speak to that aspect of the case. Your Honor, I think there's two cases from this Court that I think resolve this issue. One is the Petroleum Proceedings case from the State of Washington, and the other is the Cordage case. The Petroleum case explains that it's a fancy term, congruence of interests. What does it mean? But in essence, it comes down to whether or not the lawyers are held jointly and severally liable for the contempt along with their client. Okay. So you think that we, because we have not announced that rule, at least in the explicit terms you've just described, you think we should just say that if it's a lawyer and if you've been held jointly and severally liable with your client, even if you're not actually representing the client in that case, because that's what's different. Right. I understand. That's it. You are you meet that test and you cannot appeal immediately. I'm not going to say that's it. The way it was phrased in the Petroleum case was, generally speaking, the congruence of interest test, the application of that test comes down to whether or not the lawyers and the parties are held jointly and severally liable, generally speaking. It's something of a holistic test. Finality is supposed to be a practical test under Section 1291. So for this particular case, if we were to rule in your favor, how would our holding read? Your Honor, both appeals should be dismissed for lack of jurisdiction. On what basis, though? How would we resolve, in your mind, the congruence factor? What would we explicitly say in terms of why we held that the interests were congruent? What would we say? Tell us what we should write. I appreciate that, Your Honor. Thank you. The situation here is that the lawyers and their clients were found to have colluded with respect to a willful violation of a preliminary injunction order and they were found to have held jointly and severally liable on that basis. So what Judge Wofford said is true. You're saying to us that if a client and an attorney are held jointly and severally liable, as a matter of law, there are to be considered congruent actions. I'm always hesitant to tell a court what it should say with respect to a matter of law. Well, we have to write this opinion. You're asking us to rule in your favor. So I'm asking you, what would we say if we rule in your favor? How would that holding go? Because it won't apply just to your case, but to other cases that are in this situation. So we have to craft a holding that we think is consistent with the law. And that's why I'm asking you for the wording, because it's unclear to me that the law at this point goes as far as you are asking us to go. Allowing the lawyers for David Daleiden to appeal now would undermine the finality principles under Section 1291 and encourage precisely the kind of piecemeal litigation that Section 1291 was designed to avoid. That's the basic situation. Because if they're allowed to appeal now, this Court is going to have to deal with this issue twice, because it's going to get taken up after final judgment with respect to David Daleiden and the Center for Medical Progress. So for that reason, both appeals should be dismissed for lack of jurisdiction. Does that answer the Court's question? So is the legal test then whether the question presented would be presented twice, or is the legal test joint and several liability? Well, I think they're the same thing. Because it's joint and several liability, you face a situation where you're going to have to deal with this two separate times, because it's very clear, as Judge Warford pointed out, that the parties cannot appeal at this point under Phillips. So as a practical matter, I think those two things sort of are the same thing, Your Honor, if that makes sense. Is it critical in your mind that the folks who did the colluding with the party to the action are attorneys? Is that the – because the conduct that actually led Mr. Cooley and the other gentleman to be held in contempt, in theory, it could have been committed by anyone. It didn't have to be a lawyer, right? I think that's right, Your Honor. I don't think it turns on whether or not they're lawyers. I think it's stronger because they're lawyers. Okay. So if this was just Mr. – is it Daleiden? Is that how you say his name? Yes, Your Honor. Like just his best friend who did this in collusion with him, you would take the same position? I would take the same position, Your Honor. So what – but you stressed, it seemed to me, you were stressing the fact that this was the lawyer and it was the client and they got together. So why are you now saying that it actually doesn't matter if the person's a lawyer? Well, to be candid, Your Honor, I think it's – the contempt here is especially egregious because it was carried out by two members of the California Bar. But notwithstanding that, I still say that the confluence of interest tests, which looks to the principles underlying 1291, would come out the same way if these individuals were not Mr. Daleiden's lawyers, that they were his best friends and they did this and they were subject to the court's jurisdiction, as of course they are, and they were held jointly and severally liable because they colluded with David Daleiden to violate this injunction, I still say the test comes out the same way. And those – those folks – Was the test joint collusion? Is the test for congruence, is it joint collusion? Well, Your Honor, I mean, all I can do is point you to the Petroleum case, which says, generally speaking, the test is whether or not they are held jointly and severally liable. That's what the Petroleum case stands for, that basic proposition. And I assume the reason for that rule is that when joint and several liabilities impose it, it means that the underlying wrongdoing is – it's basically shared by both the party and the non-party. And so as you said, if we're going to let the non-party appeal now, we're going to have to basically resolve the merits first for them and then after final judgment as well for the party. I guess that's the – I hear what you're saying. You're kind of at a loss to give us any further guidance than that. Yeah, I am, Your Honor. I mean, the opinions in this area are not robust, shall we say, and they simply cite to the – to the section 1291 and to the principles that the Supreme Court has articulated with respect to 1291, finality, avoiding piecemeal litigation. And with respect to those principles, courts have held in this type of situation that the contempt orders, notwithstanding the fact that they run to non-parties, are not appealable as of this time. So that's our position. Candidly, Your Honor, I would love to talk about the merits if the Court takes a different view and is inclined to reach the merits on this thing. Judge Oryk's lengthy orders are subject to abuse of discretion and clear error review. He made detailed findings of fact on unrebutted evidence. This was an egregious and willful violation of a preliminary injunction perpetrated against NAF and its members in the middle of the night. He said explicitly that they were using the criminal case as a fig leaf to cover a public attack on NAF. All of those findings are subject to clear error review. He dismissed the various excuses – not excuses so much as admissions of guilt – as incredible. And again, all of those findings would be subject to clear error review. Go ahead. Go ahead. Counsel, what's your response to opposing counsel's observation that the judge was biased in this case and should be removed? Your Honor, we've responded to that several times at this stage. There's been – For the record of this argument, I'm asking you what's your response. No, I appreciate that, Your Honor. I think the Court should take a look at Judge Donato's order, because this whole issue came up four days before the original contempt proceeding was scheduled by Judge Oryk. It was an obvious gambit to delay the contempt proceeding. Judge Oryk, notwithstanding, referred that recusal motion out to the clerk for random assignment. It was assigned to Judge Donato, and he denied it on the merits. He said that the types of speculative allegations that were being made against Judge Oryk in this case were, quote, miles away from the kind of entanglements that require recusal. They tried again on writ relief in this court, and that was denied. And now they've gone ahead and filed another motion to refer this case to a different judge. We think that that motion is meritless, and it should be denied essentially for the same reasons that Judge Donato has articulated with respect to the original motion. That motion is tied to the defendants, the actual parties in the Federal case's appeal here, right? Yes. It wasn't filed by the lawyers where it's a more ambiguous question about jurisdiction? That's correct, Your Honor, unless the Court has any further questions. It appears not. Thank you, Your Honor. Rebuttal? Yes, Your Honors. I'd like to give 40 seconds to counsel, because I took a little bit more time. As to, and I'm not sure if it was His rebuttal time, that's in the red. As to that issue you mentioned, best friend versus a defense attorney in a criminal case with liberty taken away, I assume that was taking it to the extreme. But if we're going to use that analogous or use the collusion in order to say that my clients, that this is not final for them, we might as well then add in the State AG. State AG gave them the material, not through the defendant giving it to him from what was, whatever was received or enjoined in the Federal court. So if you want to go collusion, it goes all the way back, which is ridiculous. But I raise that, that State AG gave it to my clients. Anyway, I'll yield the rest of the time. All right. Thank you, counsel. Thank you, Your Honors. I just want to note that we've brought this appeal now because NAF has taken the position that this award is immediately appealable. In our briefs we cite case law, first of all, noting that immediately appealable fines is another characteristic of a criminal penalty, not a civil one. But even in the civil context. You mean immediately payable? Immediately, sorry, payable. And because of being immediately payable is also immediately appealable, whether it's in the civil or criminal context. Although the. What's your response to opposing counsel's position regarding the congruence of the parties? I'm sorry. Our position about whether they can, whether our client should be held liable for the actions of a criminal defense. Whether or not there's sufficient congruence between the, among the parties that the appeal should be allowed to go forward for all of them. Or none of them. We believe the interests of, of, obviously the co-defendants and our, our clients are certainly aligned enough to justify appealing them together. And so that if, if it's not final enough for the parties, then the non-parties should not be allowed to appeal. Correct? Or, or if it's final enough for the non-parties. Okay, but the, the opposite would also be true. If it's not final for the parties, then it's not final for the non-parties. If it's not final, then it should not be appealable. And, or, I'm sorry, if it is, if it is not final, it should not be payable. That is our position. If it is payable now, it is appealable now. And that is the only reason that we're here, is that NAF has taken the position that it is payable now. And lastly, I'd like to say that the standard for recusal, or for reassignment is not the same as the standard for a writ of mandamus in a disqualification motion, situation. And that the standard here is just whether it's advisable for the preservation of the appearance of justice. And we would strongly urge you to read the briefs and consider whether in this very divisive case it is advisable for the, for the, in the interest. Thank you. And thank you to all counsel for your arguments. The case just argued is submitted for decision by the court. The final case on calendar for today is Federal Trade Commission v. Consumer Defense.
judges: Rawlinson, Watford, Friedland